1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | ANTONIO DIAZ,

Case No.  1:23-cv-01783-SKO (HC)

12 |        Petitioner,

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

13 |    v.

14 | STATE OF CALIFORNIA,

FINDINGS AND RECOMMENDATION TO DISMISS PETITION

15 |        Respondent.

16

17      On December 29, 2023, Petitioner filed a petition for writ of habeas corpus in this Court.

18 The Court subsequently issued an order directing Petitioner to amend the Respondent.  (Doc. 4.)

19 Petitioner was granted thirty (30) days to comply with the court order, and he was advised that

20 failure to comply would result in a recommendation that the petition be dismissed.  Over thirty

21 (30) days have passed and Petitioner has not complied.  Therefore, the Court will recommend the

22 petition be dismissed.

23 |                   **DISCUSSION**

24      Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these

25 Rules or with any order of the Court may be grounds for imposition by the Court of any and all

26 sanctions authorized by statute or Rule or within the inherent power of the Court."  District

27 courts have the inherent power to control their dockets and "in the exercise of that power, they

28 may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

1

1   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

2   prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or

3   failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir. 1995)

4   (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 61 (9th

5   Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

6   Carey v. King, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local

7   rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service,

8   833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson

9   v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to

10  comply with local rules).  In determining whether to dismiss an action for lack of prosecution,

11  failure to obey a court order, or failure to comply with local rules, the court must consider

12  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

13  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

15  Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61; Malone, 833 F.2d at 130; Thompson, 782

16  F.2d at 831; Henderson, 779 F.2d at 1423 24.

17       The Court finds that the public's interest in expeditiously resolving this litigation and the

18  Court's interest in managing the docket weigh in favor of dismissal, because Petitioner has failed

19  to respond to the Court's order in any manner and the Court lacks jurisdiction.  The third factor,

20  risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury

21  arises from any unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d

22  522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their

23  merits, is greatly outweighed by the factors in favor of dismissal.  Finally, there are no less

24  drastic alternatives because the Court lacks jurisdiction to consider his claims.

**ORDER**

26       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign

27  a District Judge to the case.

28

2

1

**RECOMMENDATION**

2      Based on the foregoing, the Court HEREBY RECOMMENDS that this action be

3  DISMISSED for Petitioner's failure to comply with a court order and for lack of jurisdiction.

4      This Findings and Recommendation is submitted to the assigned District Court Judge,

5  pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

6  Practice for the United States District Court, Eastern District of California.  Within twenty-one

7  (21) days after service of the Findings and Recommendation, Petitioner may file written

8  objections with the Court.  Such a document should be captioned "Objections to Magistrate

9  Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's

10  ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

12  Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

IT IS SO ORDERED.

14

15  Dated:   **February 13, 2024**           /s/ *Sheila K. Oberto*

16                                     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28